UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RENATO ALMEIDA,
    *Plaintiff*,

    v.

IVETTE BERRIOS and CHRISTIANE ALMEIDA,
    *Defendants*.

No. 3:19-cv-549 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Renato Almeida filed this lawsuit against defendants Ivette Berrios—a detective with the Hartford police department—and Christiane Almeida—his ex-wife.[1] The complaint asserted a Fourth Amendment claim for malicious prosecution against Detective Berrios and common law claims for malicious prosecution against both Detective Berrios and Christiane.[2]

Several months ago I granted summary judgment for Detective Berrios. *See Almeida v. Berrios*, 2022 WL 686272 (D. Conn. 2022). My ruling left only Renato's state law malicious prosecution claim against Christiane.

Christiane has now moved to dismiss, contending that with the dismissal of the one federal law claim there is no longer a basis for original federal jurisdiction and that I should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Renato's remaining state law claim because Renato may pursue this claim in state court.[3] Renato objects, noting that discovery is complete and that the case is ready for trial.[4]

---

[1] Because Renato Almeida and Christiane Almeida are listed in the case caption with the same last name, I will refer to them as "Renato" and "Christiane" respectively.
[2] Doc. #1 at 4 (¶¶ 18–19).
[3] Doc. #57.
[4] Doc. #58.

Under 28 U.S.C. § 1367(a) a federal court has jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The parties do not dispute that this predicate exists because Renato's state law malicious prosecution claim against Christiane arises from the same facts as Renato's now-dismissed federal law claim for malicious prosecution against Detective Berrios.

But § 1367 nonetheless allows a federal court to decline to exercise supplemental jurisdiction in certain circumstances. In particular, it provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

When deciding whether to exercise its discretion to decline supplemental jurisdiction, a court should consider the values of "economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018); *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014). I will address each of these four factors in turn.

*Judicial Economy*. Renato does not demonstrate any significant barriers or costs if he had to re-file this case in state court and proceed to trial there. For example, he does not argue that I have acquired a particular familiarity with the underlying evidence that would make it more efficient for the case to be tried before me rather than before a state court judge. In fact, to the extent that I have become familiar with the evidence, I have done so only with respect to Renato's claim against Detective Berrios, and this claim differs significantly from his allegations against Christiane. Accordingly, the interests of judicial economy do not suggest that I should retain jurisdiction over Renato's claim against Christiane.

*Convenience*. As noted by Christiane, the factor of convenience suggests that it would be better to try this case in the area of Hartford where the parties reside and where the events at issue took place rather than here in New Haven.[5] Accordingly, the interests of convenience do not suggest that I should retain jurisdiction over Renato's claim against Christiane.

*Fairness*. Renato does not argue that trying this case in state court would be unfair to him. Indeed, he could have filed this lawsuit in state court in the first place, and he was on notice that if the federal law claim were dismissed, then the case could well be dismissed in favor of a state court forum. *See Chenensky v. New York Life Ins. Co.*, 942 F. Supp. 2d 388, 394 (S.D.N.Y. 2013). Accordingly, the interests of fairness do not suggest that I should retain jurisdiction over Renato's claim against Christiane.

*Comity*. Comity reflects a respect for state court functions and expertise. The evidence in this case largely stems from state court criminal and family proceedings. As Renato notes, "the underlying issues in the case were extensively litigated during proceedings in the Family Court leading to the dissolution of the parties' marriage."[6] Because of the degree to which the evidence involves prior state court proceedings, it is appropriate in the interests of comity for this case to be tried in a state court rather than a federal court. Accordingly, the interests of comity do not suggest that I should retain jurisdiction over Renato's claim against Christiane.

In sum, the factors of judicial economy, convenience, fairness, and comity all counsel against the exercise of supplemental jurisdiction over Renato's malicious prosecution claim against Christiane. As the Supreme Court has observed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward

---

[5] Doc. #57 at 2.
[6] Doc. #58 at 2.

declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This is such a case.

## CONCLUSION

For the reasons set forth above, the Court declines to exercise supplemental jurisdiction over Renato Almeida's claim against Christiane Almeida. Accordingly, the Court GRANTS the motion to dismiss (Doc. #57). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3d day of January 2023.

                                                  /s/ *Jeffrey Alker Meyer*
                                                Jeffrey Alker Meyer
                                                United States District Judge